T.C. Memo. 2000-281


UNITED STATES TAX COURT


JOHN M. AND NORMA A. MIKALONIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 1060-99, 11599-99.      Filed August 31, 2000.


<u>Harry C. Citrino, Jr.</u>, for petitioners.

<u>Joellyn R. Cattell</u>, for respondent.


MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined deficiencies of $2,632 and $2,260 in petitioners' 1996 and 1997 Federal income taxes, respectively.  The issue for decision is whether Social Security benefits received by petitioner John M. Mikalonis (petitioner) in 1996 and 1997 include the worker's compensation payments he received from a private insurer in each year.

The facts have been fully stipulated and are so found. All section references are to the Internal Revenue Code in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners resided in Philadelphia, Pennsylvania, at the time their petition was filed.

## Background

Petitioner received worker's compensation payments during 1996 and 1997 from a private insurer. Petitioners filed jointly Forms 1040, U.S. Individual Income Tax Returns, for both years. On their 1996 return, petitioners reported adjusted gross income of $60,316. They reported Social Security benefits received of $2,083 and treated $1,771 of that amount as taxable. Petitioners did not report worker's compensation benefits on their 1996 return.

Petitioner's 1996 Form SSA-1099, Social Security Benefit Statement, reports that petitioner received net benefits of $37,548.[1] The net benefits include payments made in 1996 of $12,013 for 1994, $12,604 for 1995, and $12,932 for 1996. The payments were reported as consisting of: (1) $1,743 paid by check or direct deposit; (2) $340 in medicare premiums paid for petitioner; (3) $34,967 in worker's compensation offset; and (4) $498 in attorney's fees and SSI offset.

---

[1] All numbers have been rounded to the nearest dollar.

Petitioners reported on their 1997 Form 1040, U.S. Individual Income Tax Return, adjusted gross income of $50,338. Petitioners did not report worker's compensation payments, but they did report Social Security benefits received of $2,152 and treated $1,829 of that amount as taxable.

Petitioner's 1997 Form SSA-1099 reports that petitioner received net benefits of $13,309 for 1997. The net benefits received were reported as consisting of: (1) $1,626 paid by check or direct deposit; (2) $526 in medicare premiums paid for petitioner; and (3) $11,656 in worker's compensation offset. Of these amounts $498 is nontaxable payments.

Respondent determined that the worker's compensation offsets reported on petitioner's Forms SSA-1099 for taxable years 1996 and 1997 must be included in his Social Security benefits received.[2] The deficiency at issue results from the

---

[2] Respondent also determined that the $498 reported as attorney's fees and SSI offset on petitioners' 1996 Form SSA-1099, which petitioners failed to report on their 1996 Federal income tax return, are Social Security benefits received by petitioner. It is not clear whether any of this amount is for 1996 or whether it is attributable to the 2 earlier years for which benefits were paid in 1996. Although petitioners contested in their petition the entire deficiency determined by respondent, they made no stipulations or argument on brief regarding this amount. We thus deem them to have conceded this issue. See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988); Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976).

corresponding increase in petitioners' adjusted gross income.[3]

Petitioners contend that the Social Security benefits reported on the Forms SSA-1099 as "worker's compensation offset" should not be included as part of petitioner's Social Security benefits. They argue that there was no "offset" but merely a "nonpayment" because neither petitioner nor the insurance company that paid the worker's compensation benefit to petitioner received payments of the amounts reported from the Social Security Administration.

### Discussion

Gross income includes "all income from whatever source derived", unless specifically excluded. Sec. 61(a). Generally, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Sec. 104(a)(1). Social Security benefits, however, are included in gross income as provided by section 86.

Married taxpayers filing a joint return whose modified adjusted gross income plus one-half of their Social Security

---

[3] The increase in petitioners' adjusted gross income in 1996 resulted in a computational adjustment to petitioners' itemized deductions. Petitioners appear to dispute this adjustment, alleging in their petition that respondent erred in disallowing certain expenses and deductions. Petitioners, however, have presented no evidence or argument regarding this issue, and we thus deem them to have conceded it. See Rybak v. Commissioner, supra; Zimmerman v. Commissioner, supra. Our determination of the Social Security issue will resolve the computational adjustment.

benefits exceeds $44,000 must include up to a maximum of 85 percent of their Social Security benefits in their gross income. See sec. 86(a), (b), and (c).

Respondent determined that 85 percent of the Social Security benefits petitioner received for 1996 and 85 percent of the benefits he received for 1997 are includable in his gross income for each respective tax year. Petitioners do not dispute that 85 percent of the Social Security benefits petitioner received for each year is taxable, nor do they dispute that petitioner received worker's compensation benefits from a private insurer in the amounts by which his Social Security benefits were offset. Petitioners, however, argue that the Social Security Administration never paid the benefits reported as worker's compensation offset, and thus those amounts should not be included in petitioners' gross income.

Section 86(d)(3) clearly provides that such offsets are Social Security benefits for purposes of determining gross income;

> if * * * any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

Section 86 was added to the Internal Revenue Code by the Social Security Amendments Act of 1983, Pub. L. 98-21, sec. 121, 97 Stat. 80. The House report states in relevant part:

social security benefits potentially subject to tax will include any workmen's compensation whose receipt caused a reduction in social security disability benefits. For example, if an individual were entitled to $10,000 of social security disability benefits but received only $6,000 because of the receipt of $4,000 of workmen's compensation benefits, then for purposes of the provisions taxing social security benefits, the individual will be considered to have received $10,000 of social security benefits. [H. Rept. 98-25, at 26 (1983), 1983 U.S.C.C.A.N. 219, 244.]

Petitioners argue that section 86(d)(3) "does not call for offsets to be considered taxable income." They contend that the legislative intent of the statute is "to tax the Social Security benefits which were to be paid in place of the workers' compensation benefits once workers' compensation benefits were terminated".

Petitioners' interpretation of the statute is without merit. The language of section 86(d)(3) is unambiguous. Neither the clear language of the statute nor the explanation in the legislative history conceives that an actual payment from the Social Security Administration is required in order to have an offset. The provisions of the statute apply to worker's compensation benefits paid from a private insurer. See Willis v. Commissioner, T.C. Memo. 1997-290.

Accordingly, we uphold respondent's determination that petitioner's Social Security benefits for 1996 and 1997 include those amounts reported on his Forms SSA-1099 as attributable to those years.

On brief, petitioners request that they either be permitted to elect the limitation provisions of section 86(e) for the lump-sum benefits paid in 1996 or that they be permitted to refund the amounts actually paid to them by the Social Security Administration. The election provisions of section 86(e), even if petitioners were able to perfect such an election, would do nothing to limit petitioners' tax liability. Respondent's determination of the deficiency in petitioners' 1996 tax year resulted from the inclusion of only $12,932 of Social Security benefits, which are the benefits reported as attributable to 1996.

Petitioners' alternative request likewise affords them no relief. Taxpayers reporting income on the cash method of accounting, such as petitioners, must include an item in income for the taxable year in which the item is actually or constructively received. See sec. 451(a). Petitioners may not retroactively erase the receipt of income in 1996 and 1997 by refunding it in a subsequent tax year. See Simon v. Commissioner, 11 T.C. 227, 231-232 (1948); see also Commissioner v. Gaddy, 344 F.2d. 460 (5th Cir. 1965), affg. in part and remanding in part 38 T.C. 943 (1962); Florida Progress Corp. & Subs. v. Commissioner, 114 T.C. 587, 598 (2000)(discussing claim of right doctrine). We thus confine our consideration of petitioners' tax liability to the specific facts presented.

To reflect the foregoing,

Decisions will be entered

for respondent.